# IN THE COURT OF APPEALS OF IOWA

―――――――――――

No. 25-0158
Filed April 15, 2026

―――――――――――

**State of Iowa,**
Plaintiff–Appellee,

v.

**Daniel Frederick King II,**
Defendant–Appellant.

―――――――――――

Appeal from the Iowa District Court for Linn County,
The Honorable Elizabeth Dupuich, Judge.

―――――――――――

**AFFIRMED**

―――――――――――

Jacob Heard of Iowa Defenders, PLLC, Clive, attorney for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant
Attorney General, attorneys for appellee.

―――――――――――

Considered without oral argument
by Ahlers, P.J., Buller, J., and Bower, S.J.
Opinion by Buller, J.

**BULLER, Judge.**

Daniel King appeals from a limited resentencing that addressed a nunc pro tunc order and corrected a code citation in his twenty-year-old judgment of sentence. His appellate brief presses an entirely different issue, seeking to revisit a claim that was finally adjudicated adversely to him years ago. Because res judicata bars review, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS[1]

Given our resolution of the issue on appeal, we do not dwell on the facts. Suffice to say, in 2004 eighteen-year-old King violently raped and sodomized a fifteen-year-old girl in his car after a house party.

The county attorney charged King with sexual abuse in the third degree, a class "C" felony in violation of Iowa Code section 709.4(2)(c)(4) (2004), enhanced due to his prior conviction for a sexually predatory offense (assault with intent to commit sex abuse) in violation of section 901A.2(3). The jury found King guilty as charged, and the district court sentenced him to twenty-five years in prison with an 85% mandatory minimum. King directly appealed his conviction, and the supreme court dismissed the appeal as "frivolous."

In 2014, the district court entered a nunc pro tunc order adding a two-year work-release requirement to King's sentence pursuant to section 901A.2(8). The record does not offer any explanation for what prompted the order.

In 2020, King moved pro se for "correction of an illegal sentence" in the district court, challenging the mandatory-minimum portion of his

---

[1] The State's brief cites the minutes of testimony to establish the facts of the offense. But the record makes clear King did not plead guilty; he was convicted following trial by jury. We disregard the State's assertions based on the minutes.

sentence. After a series of continuances and the appointment of counsel, King specifically argued his sentence was "cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and Article I, § 17, of the Iowa Constitution." Relying on *State v. Bruegger*, his argument walked through the three-step gross-disproportionality analysis. *See* 773 N.W.2d 862, 873 (Iowa 2009). He also argued constitutional-juvenile-sentencing considerations should apply even though he was an adult when convicted.

Following a reported hearing, the district court conducted a gross-disproportionality analysis and denied the motion by written ruling. King attempted to appeal that ruling, but the supreme court ordered the parties to file jurisdictional statements, determined the proper method of review was by petition for writ of certiorari, treated King's papers as a petition, and denied it. Procedendo issued in December 2021.

Two years later, King filed a new pro se "motion for correction of an illegal sentence." Again counsel was appointed and, after a series of continuances, King's argument shifted into a challenge asserting the 2014 nunc pro tunc order should have been addressed through resentencing and that the original judgment included an incorrect code section. The county attorney agreed with counsel's argument, and the district court ordered resentencing to address the nunc pro tunc order and the code citation. At resentencing, the court found "[t]he parties agreed that the limited issues before the court" were the nunc pro tunc order and code citation. The court resentenced King as requested, and King filed a pro se notice of appeal.

## DISCUSSION

On appeal, King raises only one challenge: He argues his sentence was cruel and unusual punishment, relying on *Bruegger* and related gross-disproportionality cases. As the State points out in its brief, this is the same challenge that was finally adjudicated in the 2020–2021 district and appellate court proceedings we have recited above, and those proceedings were rendered final when procedendo issued after the supreme court denied certiorari review. This is textbook res judicata. *E.g.*, *Braunschweig v. Fahrenkrog*, 773 N.W.2d 888, 893 (Iowa 2009).

King did not file a reply brief challenging the State's contention res judicata bars review, and we are not aware of any authority that would allow his claim to go forward after being finally adjudicated on identical arguments. *Cf. Dorsey v. State*, 975 N.W.2d 356, 361 (Iowa 2022) (allowing a juvenile-sentencing claim to proceed where the allegedly res judicata ruling pre-dated a significant change in state constitutional law). Because King raises no other argument on appeal, this ends the analysis.

**AFFIRMED.**